IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00116-MR

| | |
|---|---|
| QUAMAINE DESHAWN CARMICHAEL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU MURPHY, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 10]. The Plaintiff is proceeding *in forma pauperis.* [Doc. 7].

## I.  BACKGROUND

The *pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA") addressing incidents that allegedly occurred at the Marion Correctional Institution. The Complaint was dismissed on initial review and the Plaintiff was granted the opportunity to amend. [Docs. 1, 9]. The Amended Complaint is now before the Court on initial review.

In the Amended Complaint, the Plaintiff names as Defendants: Dr. Murphy, a mental health administrator; at Marion C.I.; and H. Corpening, Marion C.I.'s warden.

The Plaintiff alleges that he is diagnosed with severe anxiety and depression. [Doc. 10-1 at 3]. The Plaintiff appears to allege that Defendant Murphy was assigned as the Plaintiff's psychologist when he was transferred to Marion C.I. in late 2017 or early 2018 for participation in the Rehabilitative Diversion Unit ("RDU") program. The Plaintiff appears to allege that he had already been suffering from severe anxiety and depression when he was transferred to Marion C.I. Upon screening the Plaintiff, Defendant Murphy recommended that the Plaintiff receive a mental health appraisal. The Plaintiff was then approved for a consultation with psychiatrist Jeffrey Lorberbaum,[1] who prescribed psychotropic medication. [Doc. 10-1 at 2]. This resulted in an increase in the Plaintiff's "clinical status and/or classification…." [Doc. 10-1 at 2].

The Plaintiff alleges that he had been held in solitary confinement for the three years before his transfer to Marion C.I. and that the majority of the

---

[1] The Plaintiff has not named Dr. Lorberbaum as a Defendant in this case.

RDU program consists of being "locked behind a door."[2] [Doc. 10-1 at 3]. The Plaintiff described these circumstances to Defendant Murphy extensively, continuously consulted with Murphy to seek a solution, and filed a grievance about conditions at Marion C.I. that he perceived to worsen his mental disabilities. [Doc. 10-1 at 3]. The Plaintiff further alleges that the RDU program is not structured to treat mental illness and that his diagnosis "conflicted with his will to think properly, sleep, communicate in relatable fashion, etc." [Doc. 10-1 at 4]. The Plaintiff appears to allege that he conveyed this information to Defendant Murphy, which Murphy acknowledged by recommending that the Plaintiff continue to see Dr. Lorberbaum and have medication prescribed "to treat the Disabilities which were getting worse…."[3] [Doc. 10-1 at 4].

The Plaintiff alleges that he was "excluded from the benefits of a public entity" between January 15, 2018 and September 2018, when he completed the RDU. [Doc. 10-1 at 4]. That is, he claims that he was unable to participate in the Therapeutic Diversion Unit ("TDU"), a program for special

---

[2] The Plaintiff alleges that he was in solitary confinement at Polk C.I., then was in intensive control at Warren C.I. and Central Prison before being transferred to Marion C.I.

[3] The Plaintiff alleges that Dr. Lorberbaum renewed his prescription for hydroxyzine 75 mg on April 13, 2018 and additionally prescribed fluoxetine 10 mg which was increased to 20 mg on July 18, 2018.

3

needs inmates who are transitioning from control status to general population, while he was in Marion C.I's RDU.

The Plaintiff alleges that Defendant Corpening "allowed the actions of Murphy to persist within the institution after ample notification was made." [Doc. 10-1 at 6].

The Plaintiff alleges that the Defendants' failure to make reasonable accommodations for his disabilities caused his condition to worsen. He seeks $300,000 in compensatory damages. [Doc. 10 at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se*

4

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Construing the Amended Complaint liberally, it appears that the Plaintiff is attempting to state § 1983 claims under the Eighth Amendment for deliberate indifference to a serious psychological need and inhumane conditions of confinement,[4] and under Title II of the ADA. These claims will be addressed in turn.

### A. § 1983 Claims

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97,

---

[4] The Plaintiff does not appear to reassert the other § 1983 claims that he raised in the Complaint. Even if he had done so, they would be dismissed for the same reasons that the Complaint failed to pass initial review.

5

103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)).  "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned."  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996).  Prison official must provide sentenced prisoners with adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee the[ir] safety…."  Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Farmer v. Brennan, 511 U.S. 825, 832-34 (1994).  To establish the imposition of cruel and unusual punishment, a prisoner must prove two elements: (1) "the deprivation of [a] basic human need was objectively sufficiently serious," and (2) "subjectively the officials act[ed] with a sufficiently culpable state of mind."  Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted)).  To be sufficiently serious, the deprivation must pose "a serious or significant physical or emotional injury resulting from the challenged conditions," or "a substantial risk of such serious harm resulting from ... exposure to the challenged conditions."  De'lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citation omitted).

This constitutional guarantee encompasses a right to medical care for serious medical needs, including psychological needs.  See Estelle, 429 U.S. at 103-04.  To state a deliberate indifference claim, a plaintiff must show that

he had serious medical or psychological needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifference, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825. However, mere negligence or malpractice does not violate the Eighth Amendment. Miltier, 896 F.2d at 852.

First, the Plaintiff appears to allege that the conditions in the RDU program constituted cruel and unusual punishment. However, Plaintiff has failed to describe any conditions of the RDU that are sufficiently serious to rise to the level of an Eighth Amendment violation. Nor has Plaintiff alleged that the Defendants acted with a culpable state of mind. While he alleges that he conveyed his unhappiness with the conditions of RDU to the Defendants, he fails to plausibly allege that either of them knew that the

conditions exposed him to a substantial risk of serious harm or that the Defendants deliberately disregarded the same. Therefore, this claim will be dismissed.

Second, the Plaintiff appears to allege that the Defendants were deliberately indifferent to serious psychological conditions, *i.e.*, severe anxiety and depression. However, the Plaintiff has failed to plausibly allege that any deliberate indifference occurred. The Plaintiff concedes that he received mental health treatment while he was in the RDU: he was screened by Defendant Murphy upon entering Marion C.I.; psychiatric consultation was approved; and psychotropic medications were prescribed. Although the Plaintiff feels that RDU was unsuitable and exacerbated his conditions, his preference for another program such as the TDU does not form the basis of a deliberate indifference claim. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (a "[d]isagreement[ ] between an inmate and a physician over the inmate's proper medical care," and we consistently have found such disagreements to fall short of showing deliberate indifference). Therefore, Plaintiff's claim for deliberate indifference to a serious psychological need will be dismissed.

8

Case 1:20-cv-00116-MR   Document 15   Filed 03/17/22   Page 8 of 10

**B. ADA**

To state a claim under Title II of the ADA, a plaintiff must show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. See Constantine v. George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005); Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999). States are obligated to make "reasonable modifications" to enable the disabled person to receive the services or participate in programs or activities. 42 U.S.C. § 12131(2).

The Plaintiff alleges that he has been diagnosed with severe anxiety and depression. However, he has failed to allege that he is qualified to participate in the TDU or any other program from which he was excluded, or that such exclusion was due to his alleged disability.[5] The Plaintiff has thus failed to state a plausible ADA violation and this claim will be dismissed.

---

[5] The Plaintiff states that he requires discovery to prove that he was eligible for the TDU program. [Doc. 10-1 at 6]. Even if he were able to demonstrate that he qualified for the TDU, however, this claim would still fail because he has not alleged that his exclusion from the TDU was by reason of his disability.

9

Case 1:20-cv-00116-MR   Document 15   Filed 03/17/22   Page 9 of 10

## IV. CONCLUSION

In sum, the Amended Complaint will be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint is dismissed as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: March 17, 2022

Martin Reidinger
Chief United States District Judge