IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00116-MR

| | |
|---|---|
| QUAMAINE DESHAWN CARMICHAEL, ) ) ) Plaintiff, ) ) vs. ) ) FNU MURPHY, et al., ) ) Defendants. ) ) | ORDER |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Amend Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure [Doc. 17].

The incarcerated Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act (ADA) addressing incidents that allegedly occurred at the Marion Correctional Institution. [Doc. 1]. The Court dismissed the Complaint on initial review for failure to state a claim upon which relief can be granted, and provided the Plaintiff the opportunity to amend. [Doc. 9]. In the Amended Complaint, the Plaintiff claimed that the Defendants violated the ADA by subjecting him to the Rehabilitative Diversion Unit ("RDU") at Marion CI, rather than allowing

him to participate in the Therapeutic Diversion Unit ("TDU"), which would have better addressed his mental health conditions.[1] The Court dismissed the ADA claim as frivolous and for failure to state a claim upon which relief can be granted because the Plaintiff failed to plausibly allege that he was qualified to participate in the TDU or in any other program from which he was excluded, or that such exclusion was due to his alleged disability. [Doc. 15].

The Plaintiff filed the instant Motion on March 25, 2022. [Doc. 17]. He argues that he adequately alleged in the Amended Complaint that the Defendants failed to reasonably accommodate him through participation in the TDU, and that this exclusion was due to his disabilities. [Id. at 3-4]. He appears to rely on a sentence in his Amended Complaint "Supplement" stating that "Dr. Murphy allowed Plaintiff to suffer mental anguish by excluding him from the Therapeutic Diversion Unit because of his disabilities, see: Appendix 2.1." [Doc. 10-2 at 1]. Appendix 2.1 is an Inmate Request for Assistance that the Plaintiff addressed to Case Manager Patton[2] on June 26, 2018, stating that Plaintiff is participating in the program in order to avoid restrictive housing or non-participant housing, that his psychotropic

---

[1] The Court liberally construed the Amended Complaint to raise § 1983 claims of cruel and unusual punishment and deliberate indifference to a serious mental health need, which failed to pass initial review. [See Doc. 15]. The Plaintiff does not appear to challenge the dismissal of those claims in his Rule 59 Motion.

[2] Case Manager Patton is not a Defendant in this case.

2

Case 1:20-cv-00116-MR   Document 18   Filed 08/05/22   Page 2 of 4

medication had been misplaced for two days, and that he has submitted a mental health referral; and asking what other "routes" he can choose from based on his clinical status. [Doc. 10-4 at 1]. Case Manager Patton responded to the Inmate Request by making the mental health department aware of the Plaintiff's request, and informed the Plaintiff that the medical department would have to resolve his complaint. [Id.]. The Plaintiff now asks the Court to amend the Judgment dismissing his ADA claim.

A Rule 59(e) must be filed within 28 days of a judgment and may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

Here, the Plaintiff has failed to demonstrate any grounds warranting Rule 59(e) relief. The conclusory allegation that Defendant Murphy excluded him from TDU because of his disability is insufficient to state an ADA claim because it is completely devoid of any supporting factual allegations and states a bare legal conclusion. See generally Simpson v. Welch, 900 F.2d

3

33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); see, e.g., Sanders v. Aiken Reg'l Med. Ctr., 2021 WL 3604299 (D.S.C. Aug. 13, 2021) (dismissing claim on initial review that plaintiff was mistreated because of his race, gender, and mental disability where plaintiff provided no facts that could plausibly show that those events happened because of any disability). The Plaintiff failed to state a plausible ADA claim and, accordingly, the Rule 59(e) Motion is denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's pro se Rule 59(e) Motion [Doc. 17] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 5, 2022

Martin Reidinger
Chief United States District Judge